Indigent Defendant — Attorney — Costs The amount of compensation allowed an indigent's counsel under the provisions of 22 O.S. 1271 [22-1271] (1968), cannot be included as part of the costs in the prosecution of a criminal action. The Attorney General has had under consideration your letter of April 2 1969, wherein you state: "We need an opinion on title 28 O.S. 101 [28-101], concerning that part of the statute which says, `all costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which defendant may be accused". "Does this part of the statute apply or affect indigent cases, wherein, the court appoints an attorney for the indigent defendant. That is if the indigent defendant, subsequently pleads guilty or is found guilty at trial, after he gets a court appointed attorney, can the cost of appointing an attorney for this defendant be added to the total Court Costs in the case?" Title 28 O.S. 101 [28-101] (1968), provides in relevant part: "The fees herein provided for the Clerk of the District Court, the sheriff, and the District Attorney, as provided in this Act, and all costs in the prosecution of all criminal actions shall in case of conviction of the defendant, be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, . . . payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of One Dollar ($ 1.00) per day of such fees and costs, or fine, or both, . . . ." (Emphasis added) Title 22 O.S. 1271 [22-1271] (1968), provides in relevant part: "In all criminal cases triable in the State of Oklahoma, where it is satisfactorily shown to the court that the defendant has no means and is unable to employ counsel, the court shall, in all such cases, where counsel is appointed and assigned for defense, allow and direct to be paid by the county in which such trial is had, . . . a reasonable and just compensation to the attorney or attorneys so assigned for such services as they may render, such compensation being allowable in any court of record . . . ." Relevant to the issue is 20 Am. Jur. 2d, Costs, Section 101, which provides in part: "Costs properly chargeable against a defendant on conviction generally do not include the general expense of maintaining the system of courts and the administration of justice, all of which is an ordinary burden of government." We find no Oklahoma case in point, however, the Ohio Court of Appeals stated in Ex Parte Wilson, 89 Abs. 575, 183 N.E.2d 625, that: "An indigent person charged with felony is entitled to equal protection under the law which includes the right to representation by counsel and while he may be civilly liable for the repayment of the money expended for counsel, such debt is a civil debt and in no sense a part of the costs of prosecution included in the penalty of the statute defining the criminal act under which he is charged." (Emphasis added) We consider the holding in the Wilson case, supra, to be applicable to your question. It is therefore the opinion of the Attorney General that the amount of compensation allowed an indigent's counsel under the provisions of 22 O.S. 1271 [22-1271] (1968), cannot be included as part of the costs in the prosecution of a criminal action. (Dale F. Crowder)